WELLS, Judge.
We accepted jurisdiction in these now consolidated appeals to address the following question certified as being of great public importance:
IS THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT REQUIRED TO ADOPT RULES IN ACCORDANCE WITH THE FLORIDA ADMINISTRATIVE PROCEDURES ACT GOVERNING THE COLLECTION, PRESERVATION, AND ANALYSIS OF URINE SAMPLES OBTAINED BY LAW ENFORCEMENT PURSUANT TO SECTION 316.1932(l)(a), FLORIDA STATUTES? [1]
This question has recently been answered by the Florida Supreme Court in State v. Bodden, 877 So.2d 680, 2004 WL 792826 (Fla. April 15, 2004), which holds that section 316.1932(l)(a)(l) of the Florida Statutes does not require that urine testing procedures be promulgated and “approved” by rule in accordance with Florida’s Administrative Procedure Act.[2]
We therefore reverse the orders entered in each of these consolidated appeals which excluded the results of urine tests procured under the aegis of section 316.1932, *792 the implied consent law relating to the operation of motor vehicles.
Reversed and remanded.

. This question was also posed as follows by two different County Court judges:
DOES AN ARRESTEE CONSENT, UNDER THE AUSPICES OF THE IMPLIED CONSENT LAW, § 316.1932(l)(a)l, FLA. STAT., TO HIS/HER SEIZURE OF URINE WHEN THERE IS NO APPROVED TEST FOR THE DETECTION THEREIN OF CHEMICAL OR CONTROLLED SUBSTANCES, OR THEIR METABOLITES?
Can the State introduce urine test results of a defendant's urine sample obtained by law enforcement pursuant to Florida Statute, section 316.1932(l)(a), Florida’s implied consent law, where the officer who read the implied consent warnings to the defendant never expressly stated that the test being offered was an "approved” test, and the Florida Department of Law Enforcement (FDLE) has not promulgated rules governing urine collection and testing?

. Since the implied consent law for operators of motor vehicles (section 316.Í 932(l)(a)) does not require that urine testing methods be approved, the questions certified in footnote 1 above must be answered in the affirmative. The orders precluding introduction of such test results in each of the cases in which these questions were posed, must, therefore, be reversed as well.